IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Celestine Collier, ) | C/A No. 0:10-1778-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Celestine Collier ("Collier"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed.

## ADMINISTRATIVE PROCEEDINGS

    In August 2006, Collier applied for SSI and DIB. Collier's applications were denied initially and on reconsideration and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on February 13, 2009 at which Collier appeared and testified and was represented by James Callahan, Esquire. The ALJ issued a decision dated March 26, 2009 finding that Collier was not disabled. (Tr. 9-16.)

    Collier was born in 1954 and was fifty-one years old at the time of her disability onset date. (Tr. 20.) She has a high school education and past relevant work experience as a housekeeper. (Tr.

136, 140.) Collier alleges disability since April 26, 2006 due to a dislocated disc, diabetes, and depression. (Tr. 135.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in any substantial gainful activity since April 26, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

  * * *

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine (20 CFR 404.1521 *et seq*. and 416.921 *et seq*.).

  * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

  * * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).

  * * *

6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

  * * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 26, 2006 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 11-16) (footnote omitted).

On May 24, 2010, the Appeals Council denied Collier's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which

is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform [her] past relevant work; and

(5) whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Collier raises the following issues for this judicial review:

I.  Because the claimant is limited to "sedentary" work, a finding of disabled is directed by the defendant's regulations.

II.  The ALJ erred in rejecting the opinions of the treating physician.

III.  The ALJ erred in failing to find that claimant's depression and abdominal pain were "severe" impairments.

IV.  The ALJ failed to promulgate a complete "residual functional capacity" (RFC) that accommodated all of claimant's physical and mental limitations.

(Pl.'s Br., ECF No. 14.)

## DISCUSSION

**A.     Treating Physician**

Collier argues that the ALJ erred in not giving the opinions of Dr. William McGuire, one of Collier's treating physicians, controlling weight. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

Collier argues that if Dr. McGuire's opinions were given controlling weight, the limitations expressed in one of the opinions would preclude Collier from performing more than sedentary work, which would render her disabled pursuant to the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, appendix 2 ("the Grids"). Both parties, in summarizing the medical evidence, acknowledge that Dr. McGuire treated Collier from at least January 12, 2006 through September 28, 2006. During that time, it appears that Dr. McGuire's diagnoses included: low back and left lower extremity pain secondary to lumbar radiculitis, lumbar disc displacement with annular tearing at L5-S1, diabetes mellitus, weight loss, pain, increased cholesterol, decreased sleep, depression, and

sinusitis. (Tr. 244, 248-51, 282, 376.) It also appears that during that time Dr. McGuire issued three opinions concerning Collier's limitations. On May 9, 2006, Dr. McGuire indicated on a form that Collier was unable to work and that this limitation began on April 24, 2006. (Tr. 344.) By letter dated July 13, 2006, Dr. McGuire stated that Collier "is incapacitated by low back pain, profound weight loss, diabetes, and weakness" and is "unable to work at all currently." (Tr. 345.) On August 3, 2006, Dr. McGuire completed a form entitled "Estimated Functional Abilities Form" in which he opined that McGuire could occasionally lift/carry one to ten pounds and never lift any greater weight. (Tr. 346.) Dr. McGuire further opined that Collier could occasionally climb stairs and never bend, kneel, crawl, reach above her shoulder, or push/pull. (Id.) Dr. McGuire indicated that Collier was limited to sedentary activity and that she would need frequent breaks (every one to two hours) to avoid increased low back pain. (Tr. 347.)

The ALJ's decision specifically mentions Dr. McGuire's opinion dated July 13, 2006, stating that Dr. McGuire opined that Collier was incapacitated and unable to work. The ALJ gave this opinion little weight, finding that the record did not support the opinion and further that the determination of whether an individual is disabled is an issue reserved for the Commissioner. (Tr. 15.) However, the ALJ does not specifically address or acknowledge Dr. McGuire's opinion dated August 3, 2006, which included numerous functional limitations, in his order. Instead, the ALJ agreed with the opinions from the disability determination service medical consultants who reviewed the medical evidence and found that Collier was limited to medium work activity.[1]

Upon thorough review of the record as a whole, the briefs of the parties, and the ALJ's opinion, the court cannot say that the ALJ's failure to specifically address Dr. McGuire's opinion

---

[1] It appears that the medical consultants may not have had Dr. McGuire's opinions when they made their findings. (See Tr. 335) (indicating that these records were submitted on January 30, 2009).

concerning Collier's functional limitations is harmless error. While some of the other evidence discussed by the ALJ may support discounting Dr. McGuire's opinion, the ALJ failed to acknowledge or articulate any reasons for rejecting this opinion from a treating physician. The failure of the ALJ to address Dr. McGuire's opinion concerning Collier functional limitations prevents the court from determining that the ALJ's decision to discount Dr. McGuire's opinion is supported by substantial evidence and consistent with controlling law. Accordingly, while the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]," Craig, 76 F.3d at 589, the court is constrained to recommend remanding this issue for further explanation and review of Dr. McGuire's opinion in accordance with the above discussed law.

**B.    Other Issues**

To the extent that Collier's arguments rely on evidence that was not submitted to the ALJ or the Appeals Council, the court has not considered this evidence in making this recommendation. The court expresses no opinion as to the relevance of this evidence on this disability application as such a determination may be made by the ALJ on remand.

Further, reconsideration of Dr. McGuire's opinion may affect the ALJ's determination as to the subsequent steps of the sequential evaluation. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Collier's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 25, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).