IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Celestine Collier, | ) | C.A. No. 0:10-1778-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Celestine Collier ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) and §1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

## I.  Procedural History

In September 2006, Plaintiff filed an application for DIB and SSI benefits arising out of her dislocated disc, diabetes and depression. Plaintiff alleged that her disability onset date was April 26, 2006. Administrative Transcript ("Tr.") 105, 110, 135. On October 26, 2006, the Commissioner denied Plaintiff's application for benefits, finding that she was not disabled. Tr. 55. Upon Plaintiff's request for reconsideration, the Commissioner again denied the Plaintiff's application in a letter dated March 9, 2007. Tr. 73.

On February 13, 2009, a hearing was conducted before Administrative Law Judge Edward T. Morriss ("ALJ"). Tr. 17-50. On March 26, 2009, the ALJ issued an unfavorable

1

decision, finding that Plaintiff has not been disabled since April 26, 2006. Tr. 9-16. On May 24, 2010, the Appeals Council denied Plaintiff's request to review the ALJ decision, making the determination of the ALJ the final decision of the Commissioner. Tr. 1-3. On July 8, 2010, Plaintiff filed the instant action seeking judicial review of the Commissioner's decision. Among other things, Plaintiff alleged that the ALJ failed to properly evaluate the functional abilities assessment prepared by one of her treating physicians, Dr. William F. Maguire, on August 3, 2006.

On October 25, 2011, the Magistrate Judge filed a Report and Recommendation in which she recommended that the court reverse and remand the Commissioner's decision, finding that the ALJ failed to acknowledge or articulate any reasons for rejecting Dr. Maguire's August 3, 2006 assessment. The Magistrate Judge found that the ALJ's error prevented the reviewing court from determining whether the ALJ's decision to discredit Dr. Maguire's opinion as to Plaintiff's functional abilities is supported by substantial evidence. The Magistrate Judge did not address Plaintiff's remaining issues, noting that they may be rendered moot on remand, because reconsideration of Dr. Maguire's opinion may affect the ALJ's determination as to the subsequent steps of the sequential disability evaluation.

On November 9, 2011, Defendant filed an objection to the Report and Recommendation. Defendant contends that the Magistrate Judge incorrectly found that the ALJ did not properly evaluate Dr. Maguire's opinions. Considering the limited scope of the objection, the court herein only cites to those details of Plaintiff's medical history and the underlying administrative record that specifically relate to Defendant's objection.

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The harmless error standard provides that while the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached. Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004).

If a treating physician's medical opinion is well supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. SSR 96-2p; see also 20 C.F.R. § 416.927(d)(2) (providing that a treating source's opinion will be given

controlling weight if well-supported by medically-acceptable clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record). A treating physician's opinion can however be accorded significantly less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ has the discretion to give less weight to the opinion of a treating physician when there is persuasive contrary evidence in the record. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The court's role is not to re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. In undertaking review of the ALJ's treatment of claimant's treating sources, the court should focus its review on whether the ALJ's reasons for giving less than controlling weight to a treating physician's opinions are supported by substantial evidence. Id.

### III. Discussion

A. Dr. Maguire's Opinions

Both parties acknowledge that Dr. Maguire treated Plaintiff from at least January 12, 2006 through September 28, 2006. During that time, Dr. Maguire diagnosed Plaintiff with lower back and left lower extremity pain caused by lumbar radiculitis, lumbar disc displacement with annular tearing at L5-S1, diabetes mellitus, weight loss, increased cholesterol, decreased sleep, and depression. Tr. 244, 248-51, 282, 376. On May 9, 2006, Dr. Maguire indicated on a form that Plaintiff was unable to work and that this limitation began on April 24, 2006. Tr. 344. By letter dated July 13, 2006, Dr. Maguire stated that Plaintiff "is incapacitated by low back pain, profound weight loss, diabetes and weakness" and is "unable to work at all currently." Tr. 345. On August 3, 2006, Dr. Maguire completed an "Estimated Functional Abilities Form" in which he opined that Plaintiff could occasionally lift or carry one to ten pounds, but nothing heavier.

4

Tr. 346. Furthermore, Dr. Maguire opined that Plaintiff can occasionally climb stairs, but can never bend, kneel, crawl, reach above her shoulder, and push or pull weight. Id. Lastly, Dr. Maguire indicated that his functional assessment of Plaintiff was that she was limited to sedentary activity and would need frequent breaks, ie. every one to two hours, to avoid increased lower back pain. Tr. 347.

    B. <u>Administrative Law Judge's Findings and Consideration of Dr. Maguire's Opinion</u>

The ALJ found that Plaintiff had one severe impairment: degenerative disc disease of the lumbar spine. The ALJ found that Plaintiff had the RFC to perform the full range of "medium work" as defined in 20 C.F.R 404.1567(c), 416.967(c). The ALJ relied on treatment records from Dr. G. Robert Richardson and the Franklin C. Fetter Family Health Center indicating that Plaintiff had some decreased range of motion in the lumbar spine, positive normal bulk and tone, and normal gait to support his finding that Plaintiff was not in acute distress due to lower back and leg pain. Furthermore, the ALJ noted that although injections had been given to Plaintiff for pain relief, there was no evidence that surgical intervention was recommended.

The ALJ accorded little weight to Dr. Maguire's opinions, finding that Dr. Maguire's July 2006 opinion letter stating that Plaintiff was incapacitated and unable to work at all, was not supported by Dr. Richardson and Frank C. Fetter Family Health Center's medical records. Furthermore, the ALJ noted that a review of Dr. Maguire's treatment records reveals no evidence of any significant clinical findings to support Dr. Maguire's opinion that Plaintiff was incapacitated and unable to work at all. Lastly, the ALJ noted that Dr. Maguire's opinion that Plaintiff was unable to work was not entitled to weight because that is a legal determination for the ALJ.

C. Magistrate Judge's Findings

The Magistrate Judge found that the ALJ's failure to specifically address Dr. Maguire's August 3, 2006 opinion concerning Plaintiff's functional limitations is not necessarily a harmless error. The Magistrate Judge acknowledged that while some of the evidence discussed by the ALJ elsewhere in his decision may support discounting Dr. Maguire's opinion, the ALJ failed to acknowledge this evidence as specific justification for rejecting Dr. Maguire's opinion. Lastly, the Magistrate Judge noted that the ALJ's failure to address Dr. Maguire's August 3, 2006 opinion prevents the court from determining that the ALJ's decision to discount the opinion is supported by substantial evidence.

D. Defendant's Objection

Defendant objected to the Magistrate Judge's finding that the ALJ failed to properly evaluate Dr. Maguire's opinions. Defendant noted that while the ALJ did not enumerate the specific limitations set forth in Dr. Maguire's August 3, 2006 opinion, the ALJ cited to Exhibit 12F, which included Dr. Maguire's August 3, 2006 opinion. Defendant argued that Dr. Maguire's opinions were not entitled to controlling weight because his treatment notes did not support his opinion that Plaintiff was unable to work. In support of this argument, Defendant cited to numerous portions of Dr. Maguire's treatment notes stating that Plaintiff's pain was being controlled better and that Plaintiff had sufficient energy. Defendant also argued that Dr. Maguire's opinions were inconsistent with medical records from Dr. Richardson and the Franklin Fetter Family Health Center, which indicated that Plaintiff only had some weakness and that she had normal motor bulk and tone, strength in all muscle groups, normal gait, and no extremity edema.

E. Analysis

Defendant's objection is without merit. The court agrees with the Magistrate Judge's finding that the ALJ failed to address Dr. Maguire's August 3, 2006 functional capacities assessment and articulate why controlling weight should not be given to the assessment. Even without giving weight to Dr. Maguire's July 2006 opinion that Plaintiff is unable to work which is properly a legal determination for the ALJ, the ALJ failed to address Dr. Maguire's August 2006 assessment or opinions. Although the ALJ notes that other medical records and opinions indicate "normal bulk and tone, strength, intact sensation and normal gait," the ALJ does not articulate why this is "persuasive contrary evidence" when compared to Dr. Maguire's August 3, 2006 functional assessment. Furthermore, Defendant's argument that the ALJ considered Dr. Maguire's August 2006 assessment because the assessment is located at Exhibit 12 in the record, which the ALJ considered, is without merit. The ALJ's exact statement was "In July 2006, Dr. Maguire stated that the claimant was incapacitated and unable to work at all. (Exhibit 12F)." Thus, Dr. Maguire only referenced Exhibit 12F insofar as noting that he considered Dr. Maguire's July 2006 opinion. The ALJ does not indicate that he considered Exhibit 12F for the purposes of evaluating Dr. Maguire's August 2006 assessment. Lastly, Defendant's citation to numerous pieces of Plaintiff's medical record that purportedly support the ALJ's decision to discredit Dr. Maguire's opinions is unavailing because the ALJ failed to cite to this or any specific evidence discrediting Dr. Maguire's August 2006 functional assessment of Plaintiff.

## IV. Conclusion

Upon review of the entire record including Defendant's objection, the court adopts the Magistrate Judge's Report and Recommendation. The court finds that the ALJ failed to address the August 3, 2006 assessment prepared by Plaintiff's treating physician, Dr. Maguire, and thus,

the ALJ did not present sufficient evidence to support his decision to give less than controlling weight to Dr. Maguire's opinions. The court reverses and remands the Commissioner's final decision for further administrative proceedings consistent with this order and opinion.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

March 5, 2012
Columbia, South Carolina